IN TALLIAFERRO SUPERIOR COURT, JULY, 1832.

SAMUEL DARDIN, Indorsee, *vs.* JOHN G. OGLETREE.

*Assumpsit.*

THIS action was founded on several notes of hand. When they were produced in evidence, they had the word *judgment* written across them. Defendant objected that it appeared upon the face of the notes that judgment had been entered upon them, and as they were within a justice's jurisdiction that judgment had been obtained upon them in a justice's court, and that if this be true the plaintiff had no right to recover judgment upon them in this court. Plaintiff replied that if there had been a former judgment upon them, defendant ought to have pleaded it, and that a former judgment could not be taken advantage of under a plea of payment, which was the defence relied upon in this case, as appeared by the answer.

The court recognized the general principle laid down by plaintiff; but said that the evidence produced by plaintiff in this case created the presumption that a judgment had been obtained upon the notes declared upon. It was by no means certain that that presumption did not supersede the necessity of pleading it. Plaintiff then produced a certiorari to bring up proceedings had in a justice's court between the same parties. The *certiorari* had been sustained, judgment set aside, and a new trial ordered. Defendant's counsel then objected that plaintiffs should show what became of the new trial. Another *certiorari* was produced, and which had been sustained, and no new trial ordered. Plaintiff then offered one of the justices to prove the identity of the notes upon which the judgment had been entered. This testimony was objected to by defendant's counsel, on the ground that the justice's docket was higher evidence. This objection was overruled by the court, on the ground that if the docket was produced it would not furnish a copy of the notes but only a meagre statement of dates, names, and amounts, and thereby create a presumption that they were the notes now before the court. Whereas the justice who wrote judgment on their face would identify them fully, and was the best evidence that could be produced. That the identification of the notes was wholly unconnected with the docket or record of the justice's court. The justices identified the notes. The defendant then offered evidence to prove that the notes were indorsed after they became due, and that they had been paid off before indorsed, and supported his defence.